UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 4:25-CR-00237 CMS |
| | ) | |
| DANIEL PAULINO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

Comes now the United States of America, by and through Thomas C. Albus, United States Attorney for the Eastern District of Missouri, and Hal Goldsmith, Assistant United States Attorney for said District and, for its Sentencing Memorandum, states to this Honorable Court as follows:

1.     By any standard or measure, defendant Paulino's criminal conduct calls for a significant punishment.  Application of the United States Sentencing Guidelines here, even after deductions for Acceptance of Responsibility and Zero Point Offender Status, advises a sentence of 27 – 33 months' imprisonment.  This is based upon defendant's substantial and lengthy period of criminal conduct here, the significant losses to the City of Velda City, and defendant's abuse of his position of trust with Velda City.

2.     Title 18, United States Code, Section 3553(a) sets out the factors this Court should consider in fashioning an appropriate sentence.  The first such factor to be considered is the nature of the offense, 18 U.S.C. 3553(a)(l).  In this case, defendant engaged in a substantial fraud scheme. As both the appointed City Administrator and Police Chief of Velda City, Missouri, his scheme targeted this small city in north St. Louis County, where its estimated 1,250 residents have a median

1

household income which is 30% lower than the State of Missouri, and where approximately 20% of its residents live in poverty. During an almost four year period, 2021 – 2024, Paulino embezzled and stole approximately $307,100.02 from this victim municipality and its residents, with an ultimate loss to the city of $248,929.02. Needless to say, Velda City's officials trusted defendant completely, and relied upon him to handle the city's important day to day financial operations honestly and with integrity. Through his criminal conduct, he took advantage of his two separate positions at the city and obtained in excess of $300,000.00. These were not isolated incidents, as his criminal conduct continued week after week, month after month, and year after year for many years. Defendant's scheme remained undetected due to his acts of concealment, which included the creation of false records and the presentation of false information.

3. Defendant's scheme to defraud Velda City involved him issuing a number of city checks to himself and to third party vendors to pay for his own personal expenses. He caused 20 separate transactions which resulted in additional payroll funds being issued to himself. He used the city's credit card on 17 separate occasions to direct city funds to his personally owned and operated businesses. Further, defendant caused approximately 55 separate direct deposits of city funds to be made to his personal bank account purportedly for payroll due and owing to his husband. And, defendant used the city's credit card for hundreds of separate transactions to pay third party vendors for his own personal expenses, unrelated to the business and operations of the city. Defendant took all of these actions without the knowledge and authority of the city as part of his scheme to defraud the city of its public funds.

4. When all of the facts and circumstances are considered here, defendant's criminal conduct has to be viewed as substantial. While receiving a generous salary and benefits in his two city positions, defendant took advantage of those positions of trust. Defendant lied to those who

2

relied upon him and caused significant financial losses to a small municipality and its residents. Thus, there are real victims in this case, when considering the residents of Velda City who were denied much needed funds. The Victim Impact Statement submitted by Velda City (attached hereto as Government Exhibit 1) speaks for itself, but clearly defendant's criminal conduct has had a devastating effect on that city and its residents, both financially and emotionally. The adverse impact on the residents' confidence and trust in government alone as a result of defendant's criminal conduct is something that will take years to get past, and that is as bad as it gets.

5. This Court's sentence should also afford adequate deterrence to criminal conduct, 18 U.S.C. 3553(a)(2)(B). It is, perhaps, shocking to realize that this defendant was employed by the Velda City Police Department, and appointed as the Velda City Police Chief during the same period of time when the Velda City Treasurer, Venita Sedodo, stole and embezzled approximately $400,000 from that city. Sedodo was prosecuted by this Office, and sentenced during 2020 by District Judge Clark, Case Number 4:19 CR 00957 SRC. That prosecution should have deterred this defendant from engaging in a similar scheme to defraud the city, but it did not. As stated previously, this defendant served as both the City Administrator and Police Chief for Velda City. He abused each of those positions of trust in carrying out his scheme and theft of funds. This Court should fashion an appropriate sentence and punishment not only to deter this defendant from future criminal conduct, but in order to deter other individuals in similar trusted management positions from committing similar crimes. Unfortunately, one can look to the many recent prosecutions right here in the Eastern District of Missouri involving these type of fraud schemes and embezzlements to grasp the significance of these types of crimes, and the need for adequate punishment to deter these type of defendants and others.

6.    Defendant has an advisory guideline sentence under the United States Sentencing Commission Guidelines of 27-31 months in prison.  The government submits that there is no basis whatsoever in the law or the underlying facts and circumstances here that would justify a downward variance to a sentence less than the advisory guideline sentence.  It is the government's position that justice and fairness require such a sentence in this case.  Such a sentence by this Court will adequately reflect the seriousness of the offense, promote respect for the law, and provide just punishment for defendant's criminal offenses as is required by 18 U.S.C. 3553(a)(2)(A).

WHEREFORE, the United States of America prays that this Honorable Court sentence defendant to a term of imprisonment within the advisory sentencing guidelines as appropriate under the facts and circumstances presented here, and for such other relief as this Court deems appropriate and just under the circumstances.

Respectfully submitted,

THOMAS C. ALBUS
United States Attorney

*/s/Hal Goldsmith*
HAL GOLDSMITH #62501
Assistant United States Attorney
111 S. 10th Street, Room 20.331
St. Louis, Missouri 63102
(314) 539-2200

### CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2026, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the counsel for defendant.

/s/ *Hal Goldsmith*
HAL GOLDSMITH
Assistant United States Attorney