UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 4:25-CR-237-CMS |
| | ) | |
| v. | ) | |
| | ) | |
| DANIEL PAULINO, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES OF AMERICA'S MOTION FOR
CONFLICT OF INTEREST INQUIRY**

The United States of America, through Thomas C. Albus, United States Attorney for the Eastern District of Missouri, and Hal Goldsmith, Assistant United States Attorney for said District, submits this Motion requesting a conflict-of-interest inquiry as to counsel for Defendant.  In support of this Motion, the United States of America states the following:

1.      During an ongoing investigation, the United States Attorney's Office for the Eastern District of Missouri identified N. Scott Rosenblum as a victim of a crime being investigated in this district by the United States Attorney's Office.

2.      As Assistant United States Attorneys, counsel for the United States has an ethical and legal duty to raise any potential conflict of interest with the Court under Rules 4-1.1 (requiring competence) and 4-1.3 (requiring diligence) of the Missouri Rules of Professional Conduct in order to protect the integrity of the proceeding. Further, Assistant United States Attorneys also have special duties as prosecutors that require that they protect the due process rights of defendants by ensuring procedural fairness.  *See* Mo. R. Prof'l Conduct 4-3.8 cmt. [1] ("A prosecutor has the responsibility of a minister of justice and not simply that of an advocate. This responsibility carries with it specific obligations to see that the defendant is accorded procedural justice and that guilt is

decided upon the basis of sufficient evidence."). Moreover, at least one federal court has noted that it could be reversible error where a conflict of interest exists and the trial court does not properly conduct a pretrial hearing on the record to inquire into a potential conflict of interest. *See United States v. Collins*, 434 F. App'x 434, 441 (6th Cir. 2011) (where a conflict of interest existed under Ohio Rule 1.7 in prosecution for making false statements in acquisition of firearms). The United States brings this motion for inquiry not to interfere with the defendant's right to the counsel of his choice, but to ensure that the defendant's Sixth Amendment right to conflict-free counsel is observed. <u>*See*</u> <u>*United States v. Brekke*</u>, 152 F.3d 1042, 1044 (8th Cir. 1998).

2.      Under these Missouri Rules of Professional Conduct, the United States requests that this Court conduct a conflict-of-interest inquiry to confirm that counsel for Defendant can continue his representation of Defendant in this matter.

3.      Under Rule 4-1.7 of the Missouri Rules of Professional Conduct, a lawyer cannot represent a client if: "(1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." *See* Mo. R. Gov. Bar Jud. 4-1.7(a). Comment [8] to Rule 4-1.7 is also noteworthy as it states the following:

> Even where there is no direct adverseness, a conflict of interest exists if there is a significant risk that a lawyer's ability to consider, recommend or carry out an appropriate course of action for the client will be materially limited as a result of the lawyer's other responsibilities or interests . . . The critical questions are the likelihood that a difference in interests will eventuate and, if it does, whether it will materially interfere with the lawyer's independent professional judgment in considering alternatives or foreclose courses of action that reasonably should be pursued on behalf of the client.

*See* Mo. R. Gov. Bar Jud. 4-1.7, cmt [8].

4.       Even if a conflict of interest exists under Rule 4-1.7(a), however, a lawyer may still represent a client if the following four elements are satisfied:

**(1)**       the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
**(2)**       the representation is not prohibited by law;
**(3)**       the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
**(4)**       each affected client gives informed consent, confirmed in writing.

*See* Mo. R. Gov. Bar Jud. 4-1.7(b).

5.       Counsel for Defendant has represented to the undersigned that his representation of Defendant is proper under Rule 4-1.7(b).

Accordingly, the United States respectfully requests an inquiry by this Court to explore (1) whether any conflict of interest exists and (2) whether any existing conflict can be waived by Defendant.

Respectfully submitted,

THOMAS C. ALBUS
United States Attorney


/s/ *Hal Goldsmith*
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri 63102
Telephone: (314) 539-2200
Facsimile: (314) 539-2309

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 30, 2026, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

<div align="center" style="margin-left:50%">

*/s/ Hal Goldsmith*
Assistant United States Attorney

</div>